AO 91 (Rev. 11/11) Criminal Complaint

LODGED
CLERK, U.S. DISTRICT COURT
9/26/2025
CENTRAL DISTRICT OF CALIFORNIA
BY: ASI  DEPUTY

FILED
CLERK, U.S. DISTRICT COURT
09/26/2025
CENTRAL DISTRICT OF CALIFORNIA
BY: KC  DEPUTY

# UNITED STATES DISTRICT COURT
for the
Central District of California

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> v. <br> JUAN LUIS BOTELLO-HERRERA, <br> *Defendant(s)* | ) ) ) ) ) ) ) ) Case No. 5:25-mj-00602-DUTY |

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of **June 6, 2022** in the county of **Riverside** in the **Central** District of **California**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1326(a) | Illegal Alien Found in the United States Following Removal |

This criminal complaint is based on these facts:

Please see attached affidavit.

☑ Continued on the attached sheet.

/s/
*Complainant's signature*

DHS-ICE Deportation Officer, Marco Perera
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date: September 26, 2025

*Judge's signature*

City and state: Riverside, CA

Honorable Sheri Pym, U.S. Magistrate Judge
*Printed name and title*

*AUSA:* Christopher Brunwin

**AFFIDAVIT**

I, MARCO PERERA, being duly sworn, declare and state as follows:

### I.   PURPOSE OF AFFIDAVIT

1. This affidavit is made in support of a criminal complaint against and arrest warrant for JUAN LUIS BOTELLO-HERRERA, ("defendant"), charging him with violating Title 8, United States Code, Section 1326(a), Illegal Alien Found in the United States Following Removal.

2. The facts set forth in this affidavit are based upon my personal observations, my training and experience, and information obtained from various law enforcement personnel and witnesses. This affidavit is intended to show that there is sufficient probable cause for the requested complaint and warrant and does not purport to set forth all my knowledge of or investigation into this matter. Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and in part only.

### II. BACKGROUND OF Deportation Officer Marco Perera

3. I am a Deportation Officer ("DO") with the United States Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"). I have been a DO with ICE, formerly known as the Immigration and Naturalization Service ("INS"), since May 2016. I am currently assigned to the Los Angeles Enforcement and Removal Operations ("ERO") field office. Before I became an ICE DO, I was employed by the United States Border Patrol since March 2008. I have experience reviewing

immigration files, deportation and removal proceedings, and executed final orders of removal, among other immigration related documents, process, and proceedings.

### III. TRAINING AND EXPERIENCE REGARDING FINGERPRINTS AND DHS DATABASES

4. Based on my training and experience, I know the following:

   a. Every person has a unique set of fingerprints. I also know that unique identification numbers – including, but not limited to, Fingerprint Identification Number System ("FINS") numbers and Federal Bureau of Investigations ("FBI") numbers – can be assigned to a person's fingerprints, thereby distinguishing that person's fingerprints in law enforcement databases from another person's fingerprints. In many cases, the Department of Homeland Security ("DHS") and other government agencies utilize FINS and FBI numbers to associate unique fingerprint records and information to a specific individual.

   b. Moreover, when a person is fingerprinted by DHS agencies, such as ICE (formerly INS), those unique fingerprint identifiers are associated with an individual's unique alien number ("A-number") and alien file ("A-file"). An A-file typically contains official documentation regarding a person's deportation or removal history as well as alienage. That A-file is maintained in DHS custody, and documents and information from that A-file are uploaded to official DHS databases that can be accessed to determine, among other things, whether a person has been removed or deported from the United States, whether that

person is a foreign national, and whether that person has been lawfully admitted into the United States, pursuant to, for example, a non-immigrant visa.

5. Generally, after an arrest for a criminal offense, a person's biometric fingerprint information is obtained and enrolled into a nationwide repository for criminal history records as part of a normal booking process. That information is then associated with a unique identification number for the person's fingerprints, typically the FBI number, which is searchable within various law enforcement indices and comparable with other government records, including those belonging to DHS and those associated with an A-file and A-number. A match between fingerprint identifiers can therefore be used to confirm the identity of a person associated with specific records, including immigration records indicating whether that person is amenable to immigration enforcement action.

### IV. STATEMENT OF PROBABLE CAUSE

6. On or about June 6, 2022, the ICE Pacific Enforcement Response Center ("PERC") – an ICE center responsible for vetting and researching the arrests of suspected foreign nationals – received an electronic notification based on defendant's biometric fingerprint information that he was arrested by Riverside Sheriff Department ("RSD"), within the Central District of California, for driving under the influence, in violation of California Vehicle Code § 23152(A). Defendant is currently in custody with San Bernardino Sheriff Department. Based on my training and experience, it is essential to act

quickly and secure a federal arrest warrant for defendant while he is in a custodial setting because once defendant is released from custody, he may abscond or evade apprehension, particularly in light of his prior removal(s) and unlawful reentry. Effectuating an arrest while defendant is in custody is materially safer for officers and defendant and presents a significantly lower risk of flight or resistance. Arrests in a controlled environment also reduce the need for high-risk operations in the community and minimize potential harm to the public.

    7. I compared a unique fingerprint identifier from the arrest referenced above against those contained in the immigration and removal records retained for defendant in DHS indices. I have determined that these unique fingerprint identifiers are the same and therefore believe that both sets of records reference defendant, a previously removed alien.

    8. On or about September 2, 2025, I reviewed records associated to defendant's unique fingerprint identifier that are contained in DHS indices. I learned the following about defendant's immigration history:

        a. Defendant is a citizen and national of Mexico.

        b. On or about September 9, 2018, defendant was ordered removed from the United States to Mexico. On or about September 10, 2018, defendant was physically removed from the United States to Mexico.

        c. Since defendant's most recent physical removal from the United States noted above, defendant was found in the

County of Riverside, in the Central District of California on June 6, 2022, based on a DHS database notification.

   d. There is no record of any application nor permission from the Secretary of Homeland Security or the U.S. Attorney General to re-enter the United States since defendant's most recent removal. Based upon my training and experience, as well as the training and experience of other law enforcement personnel involved in this investigation, I know that a record reflecting such application or permission would ordinarily be found within the DHS indices I reviewed.

  9. Based on my review of a criminal history report for defendant, which is associated to defendant's unique fingerprint identification number(s), I have learned that, on or about January 9, 2024, defendant was convicted in Superior Court of California, County of San Bernardino, for the offense of manufacture controlled substance, a felony, in violation of California Health and Safety Code § 11379.6(A), for which defendant was sentenced to 60 months jail.

## V. CONCLUSION

  10. For all the reasons described above, there is probable cause to believe that defendant has committed a

violation of Title 8, United States Code, Section 1326(a), Illegal Alien Found in the United States Following Removal.

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone on this 26th day of September 2025.

_____
HONORABLE SHERI PYM
UNITED STATES MAGISTRATE JUDGE